NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN PETERS and MARTIN BASTRESS, individually and behalf of all others similarly situated, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 07-cv-38(DMC) |
| LG ELECTRONICS USA, INC. and ZENITH ELECTRONICS CORPORATION, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

        This matter comes before the Court upon motion by Defendants LG Electronics, Inc. ("LG")

and Zenith Electronics Corporation ("Zenith")'s to dismiss Plaintiffs John Peters and Martin

Bastress, individually and on behalf of all others similarly situated, (collectively "Plaintiffs")'s

Complaint for failure to state a claim with prejudice pursuant to FED. R. CIV. P. 12(b)(6) and FED.

R. CIV. P. 9(b).  Plaintiffs filed a request for a fourteen day extension of time to respond to

Defendants' motion to dismiss and stated that the new hearing date was June 25, 2007.  As of

December 27, 2007, no opposition has been filed.  The motion to dismiss is decided without

opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard.

After carefully considering Defendants' motion, and  based upon the following, it is the finding of

this Court that Defendants' motion to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P.

12(b)(6) is **granted.**

I.    B<small>ACKGROUND</small>

Plaintiffs are a class of consumers, residing in Wisconsin and Pennsylvania, who have purchased Zenith and/or LG brand models D52WLCD, D44WLCD, D60WLCD or RU52SZ30 LCD Projection High Definition Televisions manufactured by Defendants, and claim that the televisions they purchased suffer from an inherent defect making them unfit for their intended use. (Complaint ¶1). Specifically, Plaintiffs allege that the defect manifests over time and causes blue and/or yellow streaks and blotches to appear and obscure the viewing screen. (Complaint ¶1). Plaintiffs assert that the High Definition Televisions ("HDTV") provide sharper and brighter images than conventional televisions, by using more lines of resolution and by means of a light engine and associated components. (Complaint ¶12).

Defendant Zenith Electronics Corporation is a wholly owned subsidiary of Defendant LG Electronics, Inc. (Complaint ¶11). Plaintiffs allege that Defendants have purposefully availed themselves to New Jersey courts by having the privilege of conducting business activities in New Jersey and have their principle place of business in New Jersey and selling televisions to Plaintiffs and generally maintaining systematic and continuous business contacts within the State of New Jersey. (Complaint ¶9). Plaintiffs allege that Defendants are subject to personal jurisdiction in New Jersey because a substantial part of the events and/or omissions and conduct giving rise to Plaintiffs' claims occurred in Englewood Cliffs, New Jersey where Defendants designed, manufactured, sold, marketed, advertised, distributed and/or warranted the televisions at issue. (Complaint ¶10).

Plaintiffs allege that Defendants knew or should have known that the subject televisions suffered from the defect. (Complaint ¶13). Plaintiffs allege that despite the fact that Defendants knew

or should have known about the defect,  Defendants failed to disclose the defect to consumers and continued to misrepresent that the subject affected televisions were fit for their intended purpose. (Complaint ¶14).  Plaintiffs allege Defendants have refused to repair for free the affected televisions which are no longer covered by the warranty, but have offered to replace the light engine and/or associated components at the expense of the consumer. (Complaint ¶15).  Additionally, Plaintiffs allege that Defendants have charged the class Plaintiffs whose televisions are under warranty, the labor costs associated to replace the light engine and /or associated components. (Complaint ¶15).

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

Pursuant to FED. R. CIV. P. 12(b)(6), relief cannot be granted against Defendants because

3

Plaintiffs' Complaint does not raise a right to the relief sought against Defendants for violation of the New Jersey Consumer Fraud Act, breach of express warranty or common law restitution. Defendants' motion to dismiss Plaintiffs' Complaint is **granted**.

**III.   DISCUSSION**

**A.   Choice of Law**

As a federal district court sitting in diversity, this Court must apply the choice of law rules of New Jersey, the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). New Jersey's choice of law rules mandate that the determinative law is that of the state with the greatest interest in governing the particular issue. The first step is to determine whether a conflict exists between the laws of interested states, and then any conflict shall be determined on an issue-by-issue basis. Next, the Court must identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation. If the state's law is not related to its contacts with the litigation, then the state does not have an interest in having its law applied to the underlying issue. See Vezey v. Doremus, 510 A.2d 1187, 1189 (N.J.1986). Where no actual conflict of law exists, no choice of law need be made. See IBM Corp. v. Liberty Mut. Ins. Co.,363 F.3d 137, 143 (2d Cir. 2004); Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 333 (D.N.J. 2005). In that instance, a motion to dismiss under FED. R. CIV. P. 12(b)(6) should be decided under New Jersey law. See Gallerstein v. Berkshire Life Ins. Co. of America, Civ. No.: 05-5661 (JAG), 2006 WL 2594862, *3 (D.N.J. Sept. 11, 2006).

In this case, Plaintiffs have little or no connection to the State of New Jersey, so this Court will apply the law of the Plaintiffs' home states because they have a greater interest in the outcome of their claims to the extent that a conflict with New Jersey law exists. Plaintiffs allege that the only

connection to New Jersey is that a substantial part of the events and/or omissions giving rise to Plaintiffs' claims occurred in New Jersey, where Defendants designed, manufactured, sold, marketed, advertised, distributed and/or warranted the televisions at issue. (Complaint ¶10). As to an issue-by-issue analysis, there are three issues to be decided in the present motion, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, breach of express warranty, and common law restitution/ unjust enrichment.

### B.    Violation of The New Jersey Consumer Fraud Act

Plaintiffs' first cause of action alleges a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 ("NJCFA"). (Complaint ¶¶ 29-40). This cause of action shall be governed by the laws of the state of New Jersey as it alleges a violation of this state's statute and thus this state has a greater interest in the outcome than do Plaintiffs' home states.

In order to state a claim upon which relief can be granted under the NJCFA, a plaintiff must allege the following: 1- unlawful conduct by the defendants; 2- an ascertainable loss on the part of the plaintiff; and 3- a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss. See Carton v. Choice Point, 450 F.Supp. 2d 489, 498 (D.N.J. 2006). Additionally, any claims alleging fraudulent conduct must be plead with particularity. See FED. R. CIV. P. 9(b), F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d. Cir. 1994). Plaintiffs have failed to plead any of the elements for allegations of fraud with particularity to warrant relief under NJCFA. In Lum v. Bank of America, the Third Circuit stated that a plaintiff may satisfy the pleading requirements of Rule 9(b) by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud. Lum, 361 F.3d 217, 224 (3d. Cir. 2004). The Third Circuit dismissed the Lum Plaintiff's claim alleging fraud,

holding it was pled with a lack of particularity. In this case specifically, Plaintiffs fail to show which of the two Defendants knew or should have known what and when, and they fail to show what warning should have been disclosed, and they fail to show what, if any, misleading statements were made. (Defendants' Brief, p. 10). As such, Plaintiffs' allegations that Defendants violated NJCFA fail because they were not plead with particularity as required by FED. R. CIV. P. 9(b). Plaintiffs' fraud claim is dismissed.

    C.    **Breach of Express Warranty**

As mentioned above, where a conflict exists between Plaintiffs' home states and New Jersey law, Plaintiffs' home states shall govern because those states have a greater interest in the outcome of the litigation. See Vezey v. Doremus, 510 A.2d 1187, 1189 (N.J.1986). Further, the locus of the transaction, from where the epiphany of a contract springs or where the breach of warranty is felt, is the jurisdiction that has the greatest governmental interest in having its breach of contract/ warranty laws applied. Arons v. Rite Aid Corp., 2005 WL 975462 at 22, (N.J. Super, 2005).

Plaintiff Bastress' claim (a resident of Wisconsin) for breach of express warranty shall be governed by Wisconsin law because a conflict exists between New Jersey and Wisconsin law on this issue. Specifically, Wisconsin law requires a privity of contract for breach of express warranty claims seeking economic recovery, which is at issue here. (Complaint ¶ 49). New Jersey law does not require privity between the purchaser and manufacturer to assert breach of express warranty claims. See Spring Motors Distributors, Inc. v. Ford Motor Company, 98 N.J. 555 (1985). There is a clear conflict, and since Plaintiff Bastress'[1] home state has a greater interest in protecting its residents than

---

[1]All other Wisconsin Plaintiffs' claims of breach of express warranty will be governed by Wisconsin law.

does New Jersey, Wisconsin law governs.  Further, the Complaint does not allege that Plaintiffs purchased the affected televisions in New Jersey, giving the home states a greater interest in the outcome, as that is where the televisions were presumably purchased.  As such, Wisconsin Plaintiffs need to assert privity of contract between them and Defendant manufacturers.  Privity was not plead (Complaint ¶¶ 41-49), so Wisconsin Plaintiffs' claim for breach of express warranty is dismissed.

Plaintiff Peters' claim of breach of an express warranty is governed by Pennsylvania law because there is a conflict with New Jersey law on the issue.  As stated above, New Jersey does not require privity between the manufacturer and ultimate consumer in order for the consumer to recover on a breach of express warranty claim.  See Spring Motors Distributors, Inc., infra, at 555.  In Pennsylvania, however, while there is not an express privity requirement for a breach of express warranty claim, Pennsylvania courts have held that third parties may enforce express warranties only under circumstances where an objective fact finder could reasonably conclude that: (1) the party issuing the warranty intends to extend the specific terms of the warranty to the third party (either directly or through an intermediary); and (2) the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty. Goodman v. PPG Industries, Inc., 849 A.2d 1239, 1246, (Pa. Super., 2004).

Under Pennsylvania law, Plaintiffs have failed to show that the express warranty alleged to have been breached by Defendants met the above criteria. Plaintiffs fail to allege that an express warranty was entered into between Plaintiffs and Defendants, nor do they allege that any express warranty was entered into in reference to the subject televisions.  Specifically, in order to create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them. 13 Pa.C.S.A. §2313.

Plaintiffs do not allege that these actions occurred. As such, Pennsylvania Plaintiffs' claim for breach of an express warranty is dismissed.

      **D**.    **Common Law Restitution/Unjust Enrichment**

Plaintiffs allege that they are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from its unlawful, unjust and inequitable conduct in selling the affected televisions. (Complaint ¶ 55). Plaintiffs baldy assert that Defendants have acted unjustly by having sold and continuing to sell affected televisions, and thus Plaintiffs are entitled to the profits from same. (Complaint ¶ 51). The court must determine if plaintiff may be entitled to relief under any reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint, but a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

Because Plaintiffs fail to provide substance to the claim for common law restitution/ unjust enrichment, Plaintiffs have failed to set forth a claim upon which relief can be granted. As noted above, in Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Plaintiffs have failed to show that the claim for common law restitution/ unjust enrichment rises above the speculative level and is thus dismissed.

**IV.**    **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss Class Plaintiffs' Complaint is **granted**.

An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   December 28, 2007
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File

9